# EXHIBIT B
# 1:21-CV-00241

12/31/2020 5:14 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-007777
Victoria Benavides

D-1-GN-20-007777

CAUSE NO. _____

| | | |
|---|---|---|
| SIGRUN COCKRELL, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | 459TH ____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| WALMART, | § | |
| *Defendant* | § | TRAVIS COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION,**
**TRCP 193.7 NOTICE OF SELF-AUTHENTICATION,**
**TRCP 194.2 REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SIGRUN COCKRELL, hereinafter referred to by name or as Plaintiff, and complains of WALMART, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES

2.     Plaintiff SIGRUN COCKRELL is an individual residing in Travis County, Texas.

3.     Defendant WALMART, is a for-profit corporation licensed to do business in the State of Texas and may be served with process through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## JURISDICTION & VENUE

4.     This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

5.     Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(2) of the CIVIL PRACTICE & REMEDIES CODE because Defendant's registered agent was a resident of Bexar County, Texas at the time the cause of action accrued.

## IV.
## FACTS

6.     On or about March 13, 2020, Plaintiff **SIGRUN COCKRELL** was a customer shopping at the Defendant's store located at 2701 South Interstate 35 in Round Rock, Texas 78664. Plaintiff was walking down the isle and slipped on water and fell on her back. Plaintiff was helped up and went to the hospital. Plaintiff suffered body injuries and needed subsequent medical treatment.

7. Defendant breached the duty of care it owed to Plaintiff as a business invitee and was both negligent in its failure to exercise ordinary care in the safety of Plaintiff. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence. Plaintiff seeks all applicable damages available under Texas law.

## V.
## CAUSES OF ACTION AGAINST
## DEFENDANT WALMART.

*A.*     *NEGLIGENCE*

8.      Plaintiff would show that the **WALMART** employees referenced in the above-referenced paragraph owed Plaintiff a duty to use ordinary care in the execution of their employment duties so as not to jeopardize the health and safety of **WALMART** customers. Plaintiff would further show that said **WALMART** employees owed Plaintiff a duty not to create a hazardous, dangerous, and/or unsafe shopping environment for **WALMART** customers. Plaintiff would further show that said employees owed Plaintiff a duty to use ordinary care in the operation of **WALMART** equipment. Finally, Plaintiff would show that said employees owed Plaintiff a duty to refrain from engaging in actions or activities that would foreseeably result in bodily injuries to **WALMART** customers or the public at large.

9.      Plaintiff would show that the **WALMART STORE** in questions breached the foregoing duties in one or more of the following respects:

    a.      Operating store equipment in a dangerous and/or unsafe manner;

    b.      Creating a hazardous, dangerous, and/or unsafe environment for customers;

    c.      Operating equipment in an area in the store where it was foreseeable that customers would be present;

    d.      Engaging in dangerous and/or unsafe activities that would foreseeably result in harm;

    e.      Failing to keep proper lookout;

    f.      Failing to slow down and/or stop in order to avoid contact with Plaintiff; and

    g.      Failing to warn of the hazard to Plaintiff specifically and customers generally.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.   RESPONDEAT SUPERIOR**

10.      At all times material hereto, all of the agents, servants, and/or employees for Defendant, who were connected with the occurrence made the subject of this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of their employees under the doctrine of *Respondeat Superior.*

11.      Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendant were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

## VI.
## DAMAGES

15.      As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **SIGRUN COCKRELL** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the incident.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being.  As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

16.      As a further result of all of the above, Plaintiff has incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat their injuries.

17.      By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

18.      Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE

requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **BETWEEN TWO HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($250,000.00) AND ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

19.    Plaintiff further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

20.    Plaintiff **SIGRUN COCKRELL** demands a trial by jury. Plaintiff acknowledges payment on the date of the original filing.

## IX.
## REQUEST FOR DISCLOSURE

21.    Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

22.    Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial

## XI.
## ATTACHED DISCOVERY

22.     Attached to Plaintiff's Original Petition, are the following written discovery requests to which Defendants are requested to answer/respond within fifty (50) days of service hereof:

a.     Plaintiff's First Set of Interrogatories to Defendant WALMART;
b.     Plaintiff's First Requests for Production to Defendant WALMART; and
c.     Plaintiff's First Requests for Admissions to Defendant WALMART.

## XII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: cvalenica-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Mental anguish in the past;
4.     Mental anguish in the future;
5.     Past medical expenses;
6.     Future medical expenses;
7.     Physical impairment in the past;
8.     Physical impairment in the future;
9.     Physical disfigurement in the past;
10.    Physical disfigurement in the future;
11.    Loss of use;
12.    Pre-judgment interest;
13.    Post-judgment interest; and

14.   Exemplary damages;


Respectfully Submitted,

**The Law Offices of Thomas J. Henry**
P.O. Box 696025
San Antonio, Texas 78269
Tel.  (210)656-1000
Fax.  (361)985-0601

*/s/ Camilo Valencia*
_____
CAMILO VALENCIA
STATE BAR NO. 24110468
 *email:  cvalencia-svc@tjhlaw.com*
ATTORNEY FOR PLAINTIFFS
* **service by email to this address only**

CAUSE NO. _____

| | | |
|---|---|---|
| SIGRUN COCKRELL, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | ____JUDICIAL DISTRICT |
| | § | |
| WALMART, | § | |
| *Defendant* | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO WALMART

TO:   DEFENDANT WALMART

Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this request or otherwise furnished or made available for inspection and copying.  This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later, you serve upon the Plaintiff, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully Submitted,

**The Law Offices of Thomas J. Henry**
P.O. Box 696025
San Antonio, Texas 78269
Tel.  (210)656-1000
Fax.  (361)985-0601


*/s/ Camilo Valencia*

**CAMILO VALENCIA**
**STATE BAR NO. 24110468**
 *email:  cvalencia-svc@tjhlaw.com*
**ATTORNEY FOR PLAINTIFFS**
**\* service by email to this address only**

## DEFINITIONS

1.      "Plaintiff' or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.      "You" or "your" means Defendant, **WALMART,** its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or his successors, predecessors, divisions, and subsidiaries.

3.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

4.      "Communication" means any oral or written communication of which Defendant has knowledge, information, or belief.

5.      "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

6.      "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

## **REQUEST FOR ADMISSIONS TO WALMART**

REQUEST 1: Defendant was the owner of the premises on the date of the incident.

**ADMIT OR DENY:**

REQUEST 2: Defendant did not have any warning signs or barricades in the area where the incident occurred.

**ADMIT OR DENY:**

REQUEST 3: An employee of defendant made an oral statement to an insurance company, conducted over the telephone and recorded by the agent for the defendant.

**ADMIT OR DENY:**

REQUEST 4: Plaintiff was lawfully on the premises at the time of the incident.

**ADMIT OR DENY:**

REQUEST 5: Defendant did not timely inspect the area where the incident occurred.

**ADMIT OR DENY:**

REQUEST 6: Defendant did not have any training procedures for Defendant's employees with regard to the non-employee invitee's present on the premises to prevent incidents such as those made the basis of Plaintiff's suit.

**ADMIT OR DENY:**

REQUEST 7: Plaintiff was a business invitee of Defendant on the date of the incident in question.

**ADMIT OR DENY:**

REQUEST 8: Defendant is aware of the incident that occurred on **March 13, 2020.**

**ADMIT OR DENY:**

REQUEST 9: Defendant did not properly maintain the area where the incident occurred.

**ADMIT OR DENY:**

REQUEST 10: A sudden emergency did not contribute to the cause of the incident.

**ADMIT OR DENY:**

REQUEST 11: An act of God did not contribute to the cause of the incident.

**ADMIT OR DENY:**

REQUEST 12: Plaintiff was shopping as a normal customer at the time the incident occurred.

**ADMIT OR DENY:**

REQUEST 13: Admit that your responses herein are truthful.

**ADMIT OR DENY:**

CAUSE NO. _____

| | | |
|---|---|---|
| SIGRUN COCKRELL, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | ____JUDICIAL DISTRICT |
| | § | |
| WALMART, | § | |
| *Defendant* | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO WALMART

**TO:   DEFENDANT WALMART**

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery therefrom.

Plaintiff designates 30 days after service of these requests to obtain custody of such items. Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and

Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully Submitted,

**The Law Offices of Thomas J. Henry**
P.O. Box 696025
San Antonio, Texas 78269
Tel. (210)656-1000
Fax. (361)985-0601

*/s/ Camilo Valencia*

CAMILO VALENCIA
STATE BAR NO. 24110468
 *email:  cvalencia-svc@tjhlaw.com*
ATTORNEY FOR PLAINTIFFS
* service by email to this address only

## DEFINITIONS AND INSTRUCTIONS

1.     Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.     For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.  When identifying the document, you must state the following:

        (1)  The nature of the document (e.g., letter, handwritten note).

        (2)  The title or heading that appears on the document.

        (3)  The date of the document and the date of each addendum, supplement, or other addition or change.

        (4)  The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.  When identifying the person, you must state the following:

        (1)  The full name.

        (2)  The present or last known residential address and residential telephone number.

        (3)  The present or last known office address and office telephone number.

        (4)  The present occupation, job title, employer, and employer's address.

## DEFINITIONS

1.     "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.  "You" or "your" means Defendant, **WALMART,** its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

3.  "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, logs, worksheets.

4.  "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

5.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.  "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO WALMART

1. Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts about the incident, including complete and legible transcripts.

   **RESPONSE:**

2. All photographs, video tapes, movies, and other graphic representations, including but not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the incident and the parties involved.

   **RESPONSE:**

3. All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this incident.

   **RESPONSE:**

4. All documents, records, notations, or memoranda relating to the repair and maintenance of your store carts/baskets for the period of one (1) year immediately preceding the incident.

   **RESPONSE:**

5. All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this collision.

   **RESPONSE:**

6. All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims.

   **RESPONSE:**

7. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the collision made the basis of this lawsuit or any damages resulting therefrom.

   **RESPONSE:**

8.  A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the plaintiff(s) and/or concerning the medical or physical condition of the plaintiff(s) which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

    **RESPONSE:**

9.  Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

    **RESPONSE:**

10. All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this incident.

    **RESPONSE:**

11. All documents, records, notations, or memoranda relating to the repair and maintenance of the area where the incident occurred, for the period of five (5) years immediately preceding the incident.

    **RESPONSE:**

12. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff and/or concerning the medical or physical condition of the Plaintiff which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

    **RESPONSE:**

13. A copy of all documents relating to any criminal records pertaining to any party or witness.

    **RESPONSE:**

14. Any rules, management guidelines, operating guidelines, or other similar document that purports to show operating procedures for the management, customer safety, repair, service, care, and maintenance of the area where the incident occurred on the premises.

    **RESPONSE:**

15. Any training manuals, videos, policies, rules, management guidelines, operating guidelines, policies and procedures, or other documents that purport to show procedures

for invitee safety, and preventing, responding to, and reporting invitee or contractor injuries.

**RESPONSE:**

16.  A copy of any lease between Defendant and any owner of the premises in question in effect at the time of Plaintiff's injury, regarding occupation of the premises in question.

**RESPONSE:**

17.  A copy of any reports, schedules, lists, memorandums, or other documents regardless of manner or method of recording, identifying all employees that witnessed, responded to, participated in an investigation of, and/or spoke with Plaintiff or any witnesses regarding the incident.

**RESPONSE:**

18.  Copies of all documents, including but not limited to any incident/incident reports, evidencing any incidents/incidents involving this incident, and any similar incident in the last five (5) years.

**RESPONSE:**

19.  All inspection / maintenance / cleaning logs for the area where the incident occurred for the last five (5) years.

**RESPONSE:**

CAUSE NO. _____

| | | |
|---|---|---|
| SIGRUN COCKRELL, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | ____JUDICIAL DISTRICT |
| | § | |
| WALMART, | § | |
| *Defendant* | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO WALMART

**To:   DEFENDANT WALMART**

These Interrogatories are filed and served pursuant to Rule 197, TEXAS RULES OF CIVIL

PROCEDURE. Plaintiff, requests that the Defendant answer separately and fully in writing and under

oath each of the following interrogatories within thirty (30) days after service of this request, or

within fifty (50) days after service of the citation and petition, whichever is later. Your failure to

make timely answers or objections may subject you to sanctions as provided in Rule 215 of the TEXAS

RULES OF CIVIL PROCEDURE. Furthermore, demand is made for the supplementation of your answers

to these interrogatories as required by Rule 193.5 of the TEXAS RULES OF CIVIL PROCEDURE.

Respectfully Submitted,

**The Law Offices of Thomas J. Henry**
P.O. Box 696025
San Antonio, Texas 78269
Tel. (210)656-1000
Fax. (361)985-0601

*/s/ Camilo Valencia*

CAMILO VALENCIA
STATE BAR NO. 24110468
  *\*email: cvalencia-svc@tjhlaw.com*
ATTORNEY FOR PLAINTIFFS
**\* service by email to this address only**

## INSTRUCTIONS

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## DEFINITIONS

1.   "Plaintiff' or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.   "You" or "your" means Defendant, WALMART, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Defendant or his successors, predecessors, divisions, and subsidiaries.

3.   "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, logs, worksheets.

4.   "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each

Case 1:21-cv-00241-LY   Document 1-2   Filed 03/12/21   Page 24 of 30


original or copy.

5.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.  "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

8.  "Contract" means the agreement that is the subject of this lawsuit.

9.  "Identify" or "describe," when referring to a person, means you must state the following:
    a.  The full name.

    b.  The present or last known residential address and residential telephone number.

    c.  The present or last known office address and office telephone number.

    d.  The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

    e.  In the case of any entity, the identity of the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

10.  "Identify" or "describe," when referring to a document, means you must state the following:

    a.  The nature of the document (e.g., letter, handwritten note).

    b.  The title or heading that appears on the document.

    c.  The date of the document and the date of each addendum, supplement, or other addition or change.

    d.  The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    e.  The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO WALMART

1. To the individual answering these interrogatories on behalf of the Defendant, please state your name, address, job title and position.

   **ANSWER:**

2. If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

   **ANSWER:**

3. Please state how the incident in question occurred.

   **ANSWER:**

4. State precisely each and every act or omission on the part of any person that you believe constitutes negligence or that in any way contributed to cause the incident in question, including but not limited to, acts or omissions of negligence of anyone whether party or nonparty, potential Third-Parties, sudden emergency; unavoidable accident; mechanical defect; or Act of God.

   **ANSWER:**

5. Were any inspections performed by the Defendant, or any other person, company, or entity, for the purpose of determining whether the store equipment at 2701 South Interstate 35, Round Rock, Texas 78664 was reasonably safe for its intended use and/or any misuse foreseen by you?  If so, please set forth:

   a. A description of each such inspection conducted and the dates of the same;

   b. A description of any written protocol or format pertaining to each such test or inspection;

   c. The means by which such test or inspection was evaluated;

   d. The results of any such inspection, and

   e. The names, address and phone number of the person or persons responsible for conducting the inspections and/or interpreting the results, or who have possession of the files.

   **ANSWER:**

6. Have there been any incidents, either before or after the incident in question, involving the store at 2701 South Interstate 35, Round Rock, Texas 78664, and if so, were there any investigations conducted on any of these incidents?  If so, please state the following:

   a. The date of such investigation;

   b. The results of such investigation; and

   c. The location of any reports; and

   d. The names, address and phone number of the person who conducted the inspection and all persons involved in the incident.

   **ANSWER:**

7. List all persons in charge of safety at the site where the incident occurred, the role and function of the safety or risk management division, including but not limited to the name of the division, all employees within this division, the procedures which are carried out, the day-to-day function of this division, and your role, if any, in the safety division.

   **ANSWER:**

8. Describe all inspections, maintenance, modifications, or repairs done to the store at 2701 South Interstate 35, Round Rock, Texas 78664 including but not limited to:  dates, nature of the activity performed, and the identity of those who performed the inspection, maintenance, modifications, or repair.

   **ANSWER:**

9. On the date of the incident, did Defendant use or have an incident review committee, a safety committee, or any other similar body that reviewed accidents for purposes of discipline or safety compliance, and if so, please state:

   a) the name, address and title of each member of such committee;

   b) their position with the corporate defendant and their dates of employment;

   c) did such body or committee review the occurrence in question, and if so, please state its finding and conclusions and deliberations.

   **ANSWER:**

10. Identify the Risk Manager for the WALMART where the incident made the basis of this lawsuit occurred.

    **ANSWER:**

11. Do you have a video tape(s)/photographs of the incident in question? If so, identify the person(s) who is responsible for maintaining possession of any such tape / photograph on behalf of the store at 2701 South Interstate 35, Round Rock, Texas 78664.

   **ANSWER:**

12. Did you conduct an investigation for the incident in question, if so, please identify the name, address, and telephone number of the person(s) performing such investigation, and whether an incident report(s) was prepared as a result of the investigation, whether a written report of the investigation was furnished to the Defendant, and the substance of any written reports of the investigation furnished to Defendant.

   **ANSWER:**

13. Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation during the past five (5) years to present, store at 2701 South Interstate 35, Round Rock, Texas 78664.

   **ANSWER:**

14. Please identify and describe in detail any previous incidents which have occurred in the same way or in substantially the same way as the incident made the basis of this litigation during the past five (5) years to present, at any WALMART in Texas.

   **ANSWER:**

15. Please identify (as explained in the definition of terms) and describe in detail any previous incidents which have occurred in the same way or insubstantially the same way as the incident made the basis of this litigation during the past five (5) years to present, at any WALMART nationwide.

   **ANSWER:**

16. Please describe any and all training, instructions, and/or warnings given to employees, servants, workers, or contractors of Defendant, prior to the incident relating to inspections or maintenance of the premises.

   **ANSWER:**

17. Please identify whether WALMART owns the property located at or if the property is leased, please identify the name, address, and telephone number from whom the property is leased.

   **ANSWER:**

18.   State the name, address, and telephone number of (1) the manager of the premises on the date of the incident, (2) the employee in charge of the area where the incident happened, (3) any employees of Defendant who spoke to Plaintiff or anyone with Plaintiff, and (4) all employees who witnessed any part of the incident.

   **ANSWER:**

19.   State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of this Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s).  Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of the reduction.

   **ANSWER:**

## VERIFICATION

**THE STATE OF** _____ §
§
**COUNTY OF** _____ §

     BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared

_____, who being by me duly sworn under oath deposed and said that

he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read

the above and foregoing answers, and that every statement contained in these answers to

interrogatories is within his/her knowledge and completely true and correct.


                                                    _____
                                                    Signature


                                                    _____
                                                    Print Name


**THE STATE OF** _____ §
§
**COUNTY OF** _____ §

     BEFORE ME, the undersigned authority, on this day personally appeared _____
_____, who being first duly sworn, stated that each and all
of the foregoing Answers to Interrogatories are true and correct.

     SUBSCRIBED AND SWORN TO on the ____day of _____, 2020.


                                                      _____
                                                    Notary Public, State of Texas
                                                    My Commission Expires: _____

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Camilo Valencia on behalf of Camilo Valencia
Bar No. 24110468
cvalencia-svc@thomasjhenrylaw.com
Envelope ID: 49342648
Status as of 1/5/2021 9:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Camilo Valencia | 24110468 | cvalencia-svc@thomasjhenrylaw.com | 12/31/2020 5:14:58 PM | SENT |